OPINION

This case concerns an acceptance of jurisdiction by a Navajo family court over a child custody matter falling under the Indian Child Welfare Act. The Court concludes that the Chinle Family Court issued an invalid order accepting jurisdiction when it did not give notice and provide an opportunity for the state-appointed foster parent to be heard at a jurisdictional hearing. Based on this reasoning, the Court issues a permanent writ of prohibition.
II
This case began when the New Mexico Child, Youth and Family Services Department filed a neglect/abuse petition with the Second Judicial District Court of New Mexico, Children’s Court Division, for a Navajo child residing with her mother in Albuquerque. The child was removed from the mother’s custody, and placed in foster care with Petitioner Zuni (Zuni) in January, 2006. Zuni is American Indian, but not Navajo. The mother is from Lu-kachukai and has now returned to the Navajo Nation. The Navajo Nation intervened in the state proceedings in July, 2006. Zuni intervened in the state proceeding and filed a petition to terminate the Navajo mother’s parental rights and adopt the child in September, 2006. The Navajo Nation filed a motion to transfer the proceedings to the Navajo Nation courts pursuant to the Indian Child Welfare Act in October, 2006. Zuni objected to the transfer.[1] The New Mexico court has not ruled on the motion, but is scheduled to hear the motion on February 6, 2007.
Parallel to the ongoing proceedings in the New Mexico state court, the Navajo Nation filed a “Petition for Transfer of Temporary Legal Custody of Child Custody Dependency Proceedings” with the Chinle Family Court (Family Court) in November, 2006. The Navajo Nation requested that the Family Court accept jurisdiction over the child custody proceedings and grant temporary legal custody and protective supervision of the child to the Navajo Division of Social Services, and physical custody of the child to an unnamed maternal relative. The Navajo Nation filed the petition ex parte, and therefore did not serve Zuni with a copy of the petition. The Navajo Nation did not identify Zuni by name in the petition. The Family Court issued an ex parte order accepting jurisdiction over the child custody proceedings, and granted temporary legal custody of the child to Social Services and physical custody to an unnamed maternal relative. The Family Court set a review hearing for December 26, 2006.
Zuni then filed a petition for several Wilts with this Court, Before the Court acted on the petition, the Family Court held its hearing on December 26. Zuni appeared at the hearing and filed a motion *497 to set aside the ex parte order. The Family Court denied the motion, and told Zuni she was not a party to the proceedings, and did not allow Zuni to present her views on the petition. After the hearing, the Family Court issued a second order accepting jurisdiction on December 27, 2006. That order reversed the previous order that the maternal relative take physical custody of the child, and instead ordered that the child remain with Zuni pending the transfer of the case.
This Court issued an alternative writ of prohibition and mandamus on January 5, 2007, staying proceedings in the Family Court pending responses to Zuni’s petition and a hearing. The Court held a hearing on January 11, 2007, at which Zuni, the Family Court, and the Navajo Nation presented their views.
III
The issue in this case is whether a Navajo family court must provide notice of a jurisdictional hearing and the opportunity to be heard at that hearing to a state-appointed foster parent before the family court may accept jurisdiction of an Indian Child Welfare Act case.
IV
The dispositive issue in this case is whether the Family Court should have given Petitioner notice and an opportunity to be heard before accepting jurisdiction over an Indian Child Welfare Act (ICWA) case. ICWA is a federal statute that provides for tribal jurisdiction over certain types of child custody proceedings, even when the child resides outside of the Navajo Nation. See 25 U.S.C. § 1911 (defining tribal and state court jurisdiction over child custody proceedings). Given the historically high number of children removed from tribal families by state courts, Congress set up a process by which state courts transfer placement of tribal children who reside or are domiciled outside tribal lands to tribal courts. See 25 U.S.C. § 1901 (congressional findings on removal of children); 1911(b). Upon request, a state court must transfer a pending child custody proceeding to the tribal court absent parental objection or “good cause” not to transfer the case.[2] 25 U.S.C. § 1911(b). Importantly, a tribal court may decline jurisdiction even if the state court transfers the case. Id. It is now common knowledge among all courts which consider custody matters involving American Indian children that ICWA is a remedial federal statute to protect against the “loss” to the non-Navajo world of young tribal members, the Nation’s most precious resource. ICWA also espouses the policy that tribes should make custody decisions under their unique value systems, including involving extended families in the process. See 25 U.S.C. § 1901(5) (noting that state courts have often failed to recognize “cultural and social standards prevailing in Indian communities and families”); 1911(b).
This Court, noting the importance of protecting Navajo children wherever they may be, developed procedural rules to ensure such protection in the processing of cases between Navajo Nation courts and non-Navajo courts. The Navajo Children’s Code Rules of Procedure (Rules), issued by this Court in 1995, set up a clear procedure for a family court to accept *498 jurisdiction over an ICWA proceeding. The Rules require a family court to take several steps before accepting jurisdiction. Rule 19(c) requires the Navajo Nation to file a “petition to accept jurisdiction,” and, within that petition, the Navajo Nation must identify:
The names and addresses of parents, guardians, custodians or foster parents of the child; names and addresses of persons seeking guardianship, custody, adoption or possession of the child; the name and address of any agency or department seeking either a disposition or to participate in the disposition of the childf.]
Rule 19(c)(6) (emphasis added). Rule 21(a) requires the family court to set a hearing on the petition “no earlier than fifteen (15) days and not later than thirty (30) days from the date of the filing.” Importantly, Rule 21(b) states that “[a] summons accompanied with a copy of the petition and the notice of hearing shall be served on all persons, agencies and departments identified in the petition in accordance with the [Navajo Rules of Civil Procedure^.]” (emphasis added) The Rules refer to the hearing as a “jurisdictional hearing” at which the family court hears evidence on the state proceedings, the jurisdiction of the Navajo court, the location and circumstances of the child, the need for temporary custody, and the qualifications of the temporary custodians. Rule 22(a). Only after the family court hears the evidence can it accept or deny jurisdiction and grant temporary custody to a custodian. Rule 23.
Zuni argues that the Rules clearly require notice of a jurisdictional hearing and opportunity for a foster parent to be heard at that hearing. Because she is the current foster parent to the child and she was not given notice and not allowed to be heard, Zuni argues that the Family Court’s orders are null and void. Both the Family Court and the Navajo Nation argue that Petitioner, as a foster parent appointed by a state court, is not a party to the Family Court proceeding, and that it was not a violation of any right to be heard to issue its orders without her participation.
The Children’s Code Rules of Procedure are clear, and the Family Court could not have accepted jurisdiction over the child before conducting a jurisdictional hearing with notice and opportunity for the foster parent to participate in that hearing. The plain language of the Rules requires the identification of a foster parent to a family court and the issuance of a summons to the foster parent to attend the jurisdictional heaiing. The Rules do not distinguish or place limitations on who is a foster parent; a, foster parent may have been appointed by a state court or by a Navajo court. Furthermore, contrary to the positions of the Family Court and the Navajo Nation, the requirement for a summons necessarily means that a foster parent is deemed a party to the proceeding, and must be given notice and allowed the opportunity to be heard before a family court may take jurisdiction over the case.[3] *499 There is simply no purpose to issuing a summons to the foster parent if she is not allowed to participate in a jurisdictional hearing. The Navajo Nation did not identify the foster parent in its petition, and a summons was not issued to her. Further, though she appeared at the December 26th hearing, she was not allowed to speak, a clear violation of the Rules.[4]
The Navajo Nation argued at the hearing that the failure to give notice and an opportunity to be heard to Petitioner was “harmless error.” The Nation argued that the acceptance of jurisdiction was therefore valid, despite the failure to follow the rules. Though in some cases the technical violation of a procedural rule would not require setting aside a court order, Rule 21(b) reflects a fundamental Navajo principle that persons directly affected by a decision should have the opportunity to be heard. The high value Navajo people place in “talking things out” means that those affected by a dispute should be given the opportunity to make their opinions on the matter known. See Duncan v. Shiprock Dist. Ct., 5 Am. Tribal Law 458, 465-66, 2004 WL 5658109, **5-6 (Nav.Sup.Ct.2004); Navajo Nation v. Crockett, 1 Nav. R. 237, 241 (Nav.Sup.Ct.1996). The Rules recognize that this is especially important in an ICWA proceeding where a non-Navajo person may become a caretaker of a Navajo child through state proceedings. In this case, the clear intention of the Navajo Nation is to ask the Family Court to remove the child from Petitioner’s care and place the child in another home. To not allow a person who has cared for a Navajo child pending the transfer of the case to be heard at a hearing where the child might be removed from her care, is not only not harmless, but is highly discourteous, if not outright disrespectful. Rule 21(b) is then not simply a procedural rule that can be overlooked with impunity, but is a reflection of a fundamental value in Navajo life. The violation cannot be “harmless,” and the failure to provide an opportunity to be heard cannot be ignored. The Family Court improperly accepted jurisdiction, and, therefore, was without authority to issue its custody orders.[5]
*500 V
Based on the above, the Court issues a permanent writ of prohibition vacating all orders of the Chinle Family Court in this case. The Chinle Family Court shall ensure that Zuni receives a summons and is given the opportunity to be heard at a jurisdictional hearing before it makes any decisions on the custody of the child. The Court notes that with the opportunity to be heard comes the responsibility to be forthright with the Navajo courts, and this Court trusts Zuni and her counsel will provide all necessary information at any future hearing before the Family Court. A courtesy copy of this opinion shall be sent to the state court judge presiding over the neglect/abuse case.

. Zuni’s counsel was not entirely forthright on this point at oral argument. In response to a question on whether Zuni planned to object to a transfer to the Family Court, counsel stated that “it depends,” and suggested the choice whether to object had not yet been made and depended on whether Zuni received due process in the tribal proceeding. However, the record provided by Zuni shows she has already filed an objection to the transfer in the state court.

. The jockeying for position by both Zuni and the Navajo Nation in filing their conflicting requests in separate courts is due to ICWA's vague language concerning transfer and the resulting confusing nature of concurrent jurisdiction between tribal and state courts. Ideally, the Navajo court and the state court should avoid these issues by communicating and cooperating in deciding in a timely manner the temporary custody of the child.

. Both the Family Court and the Navajo Nation argue that a foster parent is not a party to a dependency action, and that a foster parent must file a motion to intervene before being considered a party. This is not a dependency action. The Navajo Nation did not file a dependency petition, but, consistent with the Rules, filed a petition to accept jurisdiction. The Rules include a foster parent as a party to the proceeding on the jurisdiction petition. Whether or not a foster parent is a party or must intervene in a custody proceeding, once jurisdiction is properly accepted, depends on the type of proceeding the family court decides is appropriate. See Rule 24(c)(2). The family court makes that decision at a review hearing required to be held after the court properly accepts jurisdiction. *499 See id. Importantly, the foster parent may participate at the review hearing as a party. See Rule 24(b) (requiring notice of the review hearing to “all necessary parties as identified under these Rules”).

. Real Party in Interest Navajo Nation argued at the hearing that the Rules do not provide for a "formal response” by a foster parent, and therefore the mere requirement to issue a summons does not mean the foster parent must be allowed to participate. Given the short timeline to set a hearing, the Rules do not require the filing of a "formal response,” which the Court interprets to mean a written answer to the petition. A foster parent or any other party may present an oral response at the hearing. Procedural rules concerning other expedited hearings similarly allow parties to respond orally at the hearing itself. See, e.g., Rules 3.6, 3.8, 3.11, Navajo Rules for Domestic Violence Proceedings (allowing, but not requiring respondent in domestic violence proceeding to file request for relief from temporary protection order before hearing, and providing for evidence from both parties to be presented at hearing); Rule 8, Navajo Rules for Repossession Proceedings ("The respondent shall not be required to file any pleading at hearing, due to the speedy nature of the remedy, but may present oral defenses or objections to the petition.”)

. The Court asked the parties to brief a second issue: whether a Navajo court could “transfer” jurisdiction over a child custody proceeding when a state court has not yet acted on a motion to transfer jurisdiction. The question is what authority a Navajo court has to make custody decisions if it accepts jurisdiction under the Rules before a state court transfers the case. However, as the Family Court did not properly accept jurisdiction in this case, it had no authority to do anything, regardless of the pending state court motion to transfer. It is therefore not *500 necessary to consider the second question in this opinion.